IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**********************************     Case No.   1:24-CR-00211 (AMN)

UNITED STATES OF AMERICA

                                      GOVERNMENT'S SENTENCING
                                      MEMORANDUM

v.

ANDREW MILLER,

      Defendant.

**********************************

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the defendant be sentenced to a term of imprisonment of between twelve and eighteen months (the guideline range), and be placed on a three-year term of supervised release, along with the special conditions recommended by the United States Probation Office in its Presentence Investigation Report ("PSIR") (Dkt. No. 10).

# I

# INTRODUCTION

On June 20, 2024, pursuant to a written plea agreement, the defendant entered a guilty plea to Count One of Information (24-CR-00211), in violation of 18 U.S.C. §§ 371 & 922(a)(6). (Conspiracy to Commit an Offense Against the United States).  The defendant is scheduled to be sentenced on October 18, 2024.

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1. Statutory Maximum Sentences**

The defendant's conviction for Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. §§ 371 & 922(a)(6), subjects the defendant to a statutory maximum term of imprisonment of five years, *see* 18 U.S.C. § 371; a maximum term of supervised release of three years, *see* 18 U.S.C. § 3583(b)(2); and a fine of $250,000, s*ee* 18 U.S.C. § 3571(b).

**2. Guidelines Provisions**

    **a. Plea Agreement**

As set forth in paragraph 6(a) in the plea agreement, the parties have agreed that the base offense level for the count of conviction is 14 pursuant to U.S.S.G. § 2K2.1(a)(6)(C).

    **b. Offense Level as Scored in the PSR**

Under the sentencing guidelines, the base offense level for the defendant's conviction for Conspiracy to Commit an Offense Against the United States is 14. *See* U.S.S.G. §§ 2X1.1(a) & 2K2.1(a)(6); PSR ¶ 30. That level should be increased by two levels as a result of the following Chapter Two specific offense characteristic(s): the defendant purchased, transferred, or sold a firearm having reason to believe that such conduct would result in the receipt of the firearm by an individual who was a prohibited person (two levels) per U.S.S.G. § 2K2.1(b)(5)(B). PSR ¶ 31. The resulting adjusted offense level is 16 and the total offense level is 13. PSR ¶¶ 35, 39.

    **c. Acceptance of Responsibility**

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). The government moves for an

additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "assisted authorities in the investigation and/or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

### d. Criminal History Category

According to the presentence report, the defendant's criminal history category is one (one point). PSR ¶ 46. The government agrees with the Probation Office's determination of the defendant's criminal history category.

### e. Guidelines Range and Sentence

As described above, the total offense level for the count of conviction is 13, and the criminal history category is one. PSR ¶¶ 39, 46. This is consistent with the calculations in the presentence report.

As a result of the above-described calculations, the sentencing guidelines advise that the defendant should receive a sentence of 12 to 18 months of imprisonment. PSR ¶ 70. The guidelines also call for a term of supervised release of between one and three years, and a fine of $5,500 to $55,000. PSR ¶¶ 74, 79.

## III

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of imprisonment of between twelve and eighteen months, and impose a three-year term of supervised release, along with the special conditions

recommended by the United States Probation Office in its Presentence Investigation Report ("PSIR") (Dkt. No. 10).

The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2) for the following reasons. First, the defendant and his associate, Mufid Fawaz Alkhader, agreed to lie on ATF Form 4473's question 21.a which asked if the defendant was the actual buyer of a Kel-Tec KS7 12-gauge pump shotgun, when in fact the defendant knew that he would be buying the shotgun for Mr. Alkhader. PSR ¶¶ 4, 16, 19, 23. Second, the defendant and Mr. Alkhader went through with their plan on November 5, 2023, and on November 6, 2023, the defendant delivered a duffle bag containing the shotgun to Mr. Alkhader. *Id*. Third, although Mr. Alkhader did not share his plans for the use of the shotgun with the defendant, Mr. Alkhader ultimately used the shotgun to terrorize members of the Temple Israel Synagogue on December 7, 2023. *See* Dkt. No. 8 ico 23-MJ-00725 (CFH). Fourth, the recommended sentence will help send a message of deterrence to others who are thinking about using deceit and purchasing a firearm for someone else, and the consequences that can come from a firearm in the hands of a dangerous person.

## CONCLUSION

For all of the reasons set forth above, the Government maintains that the sentence requested is warranted by the defendant's crime. Such a sentence is not greater than necessary, and is sufficient to comply with and accomplish the many goals of sentencing. 18 U.S.C. § 3553(a).

Respectfully submitted this 25th day of September, 2024,

                                      CARLA B. FREEDMAN
                                      United States Attorney

By:        /s/ *Richard D. Belliss &*
                *Alexander P. Wentworth Ping*
                Richard D. Belliss
                Alexander P. Wentworth-Ping
                Assistant United States Attorneys
                Bar Roll No. 515295 & 701897